WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1887.

MORGAN *v.* VALENTINE.

*In the matter of the judicial settlement of the account of* CHARLES V. MORGAN, *as executor of the will of* JAMES MORGAN, *deceased.*

The rule allowing interest, from the date of a testator's death, on a bequest to a legatee, towards whom the former stood *in loco parentis*, is con-

ditioned upon the circumstances that the beneficiary be one for whom no other provision is made, and who, without such allowance, would be destitute of income during the period expiring at the end of a year from the grant of letters. It is not enough that an income, actually enjoyed, is insufficient for his support in a style which he may desire.

A tender, by an executor, to a legatee, of the amount of the legacy and interest lawfully due, if refused, bars a claim for interest from the time of the tender, as effectually in a Surrogate's court, as in a case of an attempted enforcement of the legatee's demand by a civil action against the executor.

THE deceased, by his will, among other things, bequeathed to his daughter, Eugenia Valentine, a lgeacy of $20,000. By a codicil, this sum was reduced to $10,000. She contested the codicil, which finally was admitted to probate. On appeal to the general term of the Supreme Court, the decision of the Surrogate was affirmed. After which, and more than a year subsequent to the issuing of letters testamentary, the executor tendered to her the $10,000, and interest thereon after a lapse of a year from the date of the letters, which she refused to accept, and subsequently appealed to the Court of Appeals, which last appeal, it was understood, had been abandoned. On this accounting, she claimed interest on the legacy from the date of issuance of the letters testamentary, and submitted an affidavit tending to show that she was dependent upon the legacy, or the interest thereof for support; while the executor submitted an affidavit showing that she had property of her own, independent of that devised and bequeathed to her; that he had paid to her $200 on a note he had given her for money lent before testator's death; that she had sold some of the real estate devised to her for $4,000, and

was erecting a new building or buildings in New Rochelle, where she resided.

By the will no time for payment of the legacy was fixed.

Other facts appear in the opinion.

BANKS & ANDERSON, *for executor.*

M. J. KEOGH, *for legatee.*

THE SURROGATE.—Ordinarily a legacy, where no time of payment is fixed by the will, is not payable until one year after the granting of letters. There are some exceptions, however, to this rule. The one bearing upon the question here presented is, where a legacy is left by a parent to a child by way of support, for whose maintenance no other provision is made and who, unless interest be allowed, is without income intermediate the death of the testator and the end of a year from the granting of the letters (2 Redf. on Wills, 467, and *n.*). The facts in this case do not seem to bring Mrs. Valentine's claim of interest within this exception. The testator devised to her real estate of the estimated value of about $16,000. At the time of his death, the affidavit presented by the executor shows that she was the owner of some real estate in Brooklyn, and that he had borrowed from her two hundred dollars, for which she held his promissory note. So that, taking into consideration these facts in connection with the facts of the devises made to her by the will, it would be incorrect to hold that no other provision was made for her other than the legacy, or that she was without income during the year.

According to her ideas, such income may have been insufficient for her support in a style she desired.

Beside, she had an able-bodied husband whose duty, whatever his inclination may have been, was to provide her a suitable support. Nor was this all. She had two sons, men grown, and in some kind of business, upon whom rested, in connection with their father, a natural, if not a legal, obligation to provide for her wants. Her case, it will be thus seen, is very different from that of a child destitute of all other means of support other than the legacy. There is nothing contained in the will, nor in the surrounding circumstances to indicate that this legacy was given for the purpose of maintenance. Her claim is deemed untenable, without allusion to the further fact that she has sold a portion of the real property devised to her for $4,000.

The tender of the amount of the legacy and interest, to the legatee, which she refused to accept, must be given its legal effect. If the tender were of sufficient amount, it will bar any claim for interest from that time, as effectually here, as if she had sued to recover her legacy in a court of law.

The decree will be prepared in accordance with the above views.